**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA DONAHUE, AS ADMINISTRATRIX OF THE ESTATE OF ANGEL MCINTYRE, DECEASED, MATTHEW MUNAFO, AND KRISTYANNA DELLAVECCHIA,<br>        Plaintiffs,<br><br>          v.<br><br>BOROUGH OF COLLINGDALE, BOROUGH OF DARBY, BOROUGH OF COLLINGDALE POLICE OFFICER COLIN RICHERS, INDIVIDUALLY AND AS A POLICE OFFICER FOR COLLINGDALE POLICE DEPARTMENT, BOROUGH OF DARBY POLICE OFFICER DANTE LYNCH, INDIVIDUALLY AND AS A POLICE OFFICER FOR THE DARBY POLICE DEPARTMENT, BOROUGH OF DARBY POLICE OFFICER JAKE LYONS, INDIVIDUALLY AND AS A POLICE OFFICER FOR THE DARBY POLICE DEPARTMENT, AND JOHN DOES 1-10, INDIVIDUALLY AND AS POLICE OFFICERS FOR THE COLLINGDALE AND DARBY BOROUGHS POLICE DEPARTMENTS,<br>        Defendants. | No. 22-1695 |

**DEFENDANTS, BOROUGH OF COLLINGDALE AND COLLIN RICHERS'**
**REPLY BRIEF TO PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, Borough of Collingdale and Officer Collin Richers, move for summary judgment, and respectfully submit this Reply Brief in support of their outstanding motion.

**<u>RESPONSE TO INTRODUCTION AND PROCEDURAL HISTORY</u>**

Plaintiffs' Brief in Response in Opposition to the Motion for Summary Judgment of the Borough of Collingdale (ECF Doc. 71) ("Opposition") seeks to distract this Court from the dispositive admissions contained in their Response to Defendants' Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment (ECF Doc. 71). Defendants submit this

Reply in support of their Motion for Summary Judgment (ECF Doc. 66) to address the Opposition's errors, and to focus this Court on the undisputed material facts and the applicable law that supports entry of summary judgment for Defendants.

The Introduction submitted by the Plaintiffs is legal argument better addressed in the legal argument section of their Brief. They misquote the facts and the law and make unwarranted conclusions concerning both in their relentless effort to obscure the issues in the case to mask the fact that they are unable to support the essential elements of a constitutional case of action or overcome individual Officers entitlement to qualified immunity.

**RESPONSE TO STATEMENT OF FACT**

Neither their response to the Defendants' Statement of Undisputed Material Facts, nor their own Statement of Additional Facts, lend themselves to distinguish disputed from undisputed facts. Plaintiffs did not follow the Court process to orderly set forth the facts contended to be in dispute with record references to where the party's contention is supported in the record. Plaintiffs have made no effort to identify or cite to the pertinent parts of the record where they claim that disputed material facts exist. Essentially, the Plaintiffs discount all testimony given by Police Officers or the District Attorney's Office accident reconstructionist by claiming the testimony creates the disputed facts without there being any contrary, contradictory testimony or any evidence. However, precedent in this, and other jurisdictions, does not permit this approach in responding to Motions for Summary Judgment. Lauren W. v. DeFlaminis, 480 F.3d 259, 271 (3d Cir. 2007) ("in considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness"); Luh v. J.M. Huber Corp., 211 Fed. Appx. 143, 146 (4th Cir. 2006) (to be disregarded, "testimony must

2

display some indicia that it is not credible"); Stratienko v. Cordis Corp., 429 F.3d 592, 597-598 (6th Cir. 2005).

## RESPONSE TO APPLICABLE LEGAL STANDARDS

Defendants have already set forth the standards for summary judgment and for the determination of the qualified immunity defense in their initial memorandum.

## LIABILITY ALLEGED AS TO RICHERS

Plaintiffs' argument that Richers' pursuit was unconstitutional is premised upon their unsustainable theory that the entire pursuit was for summary traffic offenses notwithstanding the suspect having stopped in the McDonald's drive-thru before taking off and striking an occupied police vehicle and then leaving the scene by driving onto MacDade Boulevard at a high rate of speed. The MVR and the testimony of the Officers clearly articulates the reason and justification for the pursuit of the suspect who recklessly drove off after hitting the Police vehicle committing a felony of fleeing and eluding in Pennsylvania and assault on an Officer whether injured or not, as well as leaving the scene of an accident. [1]The fact that all Officers concede that vehicle pursuits can create a risk to innocent bystanders is not evidence of unconstitutional conduct on their part.

Plaintiffs belief that there is a constitutional violation if Officer Richers pursued Anthony Jones at high speed, or otherwise, for a summary offense in violation of the Collingdale pursuit policy; Plaintiffs belief that the police pursuit "caused" the driving behavior of Anthony Jones in flight leading to the accident and cite to their expert reports as the evidence to support that theory;. Plaintiffs belief that Officer Richers "improper use of his authority, gave rise to Jones' desire to flee." However, controlling precedent states unequivocally otherwise and that police do not cause

---

[1] Felony eluding by speeding away at 50 mph and side-swiping a vehicle. Commonwealth v. Evans., 2014 Pa. Dist. & Cnty. Dec. LEXIS 56 (Pa. County Court 3-5-14).

the motorist to flee or the lawless manner of the fleeing motorists driving. Plumhoff v. Rickard, 572 U.S. 765, 134 S.Ct. 2012 (2014); County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); Davis v. Township of Hillside, 190 F.3d 167 (3d Cir. 1999). Indeed, contrary to Plaintiffs' contention, even if a local policy guideline such as the pursuit policy of Collingdale is not followed, this does not rise to a constitutional claim. Davis, supra, 190 F.3d at 170. See also Koreny v. Smith, 2018 U.S. Dist. LEXIS 34841, 2018 WL 1141513 (W.D. Pa. 2018) (allegations of policies not being followed in a police chase does not state a municipal liability claim as a matter of law.), Conti, J.

## QUALIFIED IMMUNITY - RICHERS

In an effort to defeat Richers' claim of qualified immunity, Plaintiffs rely on the clearly inapplicable case of Sauers v. Borough of Nesquehoning, 905 F.3d 711 (3d. Cir. 2019), in which a Police Officer began a high speed pursuit of a motorist who was not fleeing at the time, and it was the Officer who made the calculated decision with plenty of time to deliberate to drive at 100 mph to try to locate the motorist when the Officer lost control of his police car and struck the vehicle of an innocent motorist killing a passenger. How that scenario where the Officer personally caused the death could be compared to the facts of this case as Plaintiffs suggest challenges both logic and common sense.

Plaintiffs also cite to Clark v. Merrell, No. CV 19-1579, 2021 U.S. Dist. LEXIS 16053; 2021 WL 288791, a case decided on a Motion to Dismiss but which is now pending decision on summary judgment, for a claim that the pursuit in this case was unrelated to any governmental interest.

In that case, the Officer was specifically ordered by his superiors not to pursue dirt bike riders and not to leave the jurisdiction without permission, but did so anyway at about 1:30 in the

4

afternoon into a densely populated area in which there were a lot of pedestrians and vehicles and pursued the dirt biker for 8 to 10 minutes at a high speed, crossed over into another jurisdiction without supervisory permission from Philadelphia into Upper Darby Township, and then after the dirt biker crashed and injured pedestrians, he did not notify EMS and left the scene never notifying anyone about his pursuit.  The facts of that case surely do not parallel to the present case where there was a compelling legitimate government interest at stake and the circumstances of the pursuit were wholly different.  Plaintiffs argue that Richers should be denied qualified immunity based on the Clark Opinion on a Motion to Dismiss.  Plaintiffs also claim that there are disputed issues of fact with respect to qualified immunity but cite to none.  Notably, Plaintiffs are also unable to cite to even one case at the summary judgment stage or beyond that would deprive an Officer under the circumstances of this case of the protection of qualified immunity.

Plaintiffs' expert opinions cannot and do not create issues of fact.  Plaintiffs' experts, a criminologist, who has made his living testifying about his own studies and reports and a former Chief of Police for the City of Denver, Colorado who is not even a recognized expert in this area and has no special expertise and has never before testified, are offered to testify that Richers' actions were inconsistent with "modern law enforcement."  Clearly, these two experts would like to change the law and only allow legally for pursuits for violent felonies, if even then, but it is not the purview of either of these experts to impose the policies from Philadelphia or from Denver and then argue from them that an Officer in an entirely different jurisdiction violated constitutional law when these experts know that the policies do not constitute federal law.

## MUNICIPAL LIABILITY

Plaintiffs were unable to produce any evidence of a pattern of *similar constitutional violations* that could demonstrate deliberate indifference for purpose of their failure to train or

discipline claim. They could find no lawsuits, no prior claims, no complaints against the Borough for pursuit driving or outcomes. Rather, all they could find was incident reports interpreted by their expert Pazen to suggest that the Collingdale Officers were not following the 2019 pursuit policy (from 2013 to 2020) and were pursuing for summary offenses in violation of the guidelines. However, this would not establish municipal liability as there is no evidence of constitutional deprivations or Officer misconduct leading to constitutional deprivations. Even where there are allegations of policies not being followed in a police pursuit, these do not rise to a constitutional level and would distort Monell liability. Koreny v. Smith, No. CV 17-371, 2018 WL 1141513, at *16,17 (W.D. Pa. Mar. 2, 2018).

Plaintiffs believe that there is a constitutional violation if Officer Richers pursued Anthony Jones at high speed, or otherwise, for a summary offense in violation of the Collingdale pursuit policy; Plaintiffs' belief that the police pursuit "caused" the driving behavior of Anthony Jones in flight leading to the accident and cite to their expert reports as the evidence to support that theory; Plaintiffs' belief that Officer Richers' "improper use of his authority, gave rise to Jones' desire to flee." However, controlling precedent states unequivocally otherwise as to both arguments and that police do not cause the motorist to flee or the lawless manner of the driving of the fleeing motorist. Plumhoff v. Rickard, 572 U.S. 765, 134 S.Ct. 2012 (2014); County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); Davis v. Township of Hillside, 190 F.3d 167 (3d Cir. 1999). Indeed, contrary to Plaintiffs' contention, even if a local policy guideline such as the pursuit policy of Collingdale is not followed, this does not rise to a constitutional claim. Davis, supra, 190 F.3d at 170. See also Koreny v. Smith, 2018 U.S. Dist. LEXIS 34841, 2018 WL 1141513 (W.D. Pa. 2018) (allegations of policies not being following in a police chase does not state a municipal liability claim as a matter of law.), Conti, J.

Plaintiffs concede that there is no unconstitutional pursuit policy involved in this case. They claim, however, that there are unwritten policies and customs based on their review of the incident reports involving crimes reported in incident reports in which there was a pursuit. Their theory of the unconstitutional unwritten policy is that the examination of incident reports reveal pursuits for summary offenses. There is no claim or proof that such are unconstitutional and there was no searching inquiry into the facts underlying any incident report through depositions of Officers or anyone involved in the pursuit. Here, where the constitutional claim is based only on allegations of Officers violating their own policy, this does not result in a federal cause of action as previously addressed infra. Even though the policy did not come into existence until 2019, Plaintiffs allege that the sheer number of pursuits creates a triable issue of fact as to whether it engaged in an "unconstitutional custom." However, even the sheer number of the pursuits, and here there were very few each year, does not establish constitutional violations where, as here, there is no evidence that any of the pursuits were the result of constitutional violations on the part of the Officers. See Black v. Twp. Of S. Orange, 2014 U.S. LEXIS 134042; 2014 WL 4755506 (D.N.J. 2014) (60 vehicle pursuits with 17 accidents and injuries in one year)

So, even if the 2019 pursuit policy was violated, violations of non-federal laws will not form a basis for liability under § 1983, and clearly qualified immunity is not lost because an Officer violates department protocol. *See, e.g.,* Collins v. City of Harker Heights, 503 U.S. 115, 119, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), (finding that § 1983 does not provide a remedy if there is no violation of federal law); Davis v. Scherer, 468 U.S. 183, 194 ((1984) (noting that officials do not lose qualified immunity where they violate administrative directives).

Plaintiffs claim that because the Borough did not submit the pursuit reports to the Pa. State Police as instructed to by statute, that this can be considered as proof of municipal liability.

7

However, in a case in which the Plaintiffs sought to impose liability because a Borough policy did not comply with the statutory pursuit guidelines, non-compliance with a state statute does not give rise to a constitutional violation unless the right in the statute is guaranteed in the United States Constitution.  Jewell v. Ridley Twp., 2011 U.S. Dist. LEXIS 130972; 2011 WL 5524260 (E.D.Pa. 11-10-11), aff'd 497 Fed. Appx. 182 (3d Cir. 2012).

While Plaintiffs claim that a failure of the Borough to itself train Officers on their pursuit policy other than to instruct the Officers to read it provides proof of a municipal liability claim.  However, as Defendants pointed out in their opening Brief, Plaintiffs fail to articulate any particular training claimed to be constitutionally required that was lacking in Collingdale.  Even where Officers do not remember details of their training but are generally familiar with the pursuit policy, there is no viable failure to train claim.  Jewell v. Ridley Twp., 497 Fed. Appx. 182 (3d Cir. 2012).  Moreover, specialized pursuit training is not required in police pursuits beyond that which is provided in the Police Academy.  Fulkerson v. City of Lancaster, 801 F. Supp. 1476 (E.D. 1992).  Providing the Borough's police pursuit policy to Officers and instructing them to read it is sufficient and cannot be characterized as a failure to train.  McNeill v. Borough of Folcroft, 2014 U.S. Dust, Lexis 159531; 2014, 2014 WL 5880125 (E.D. Pa. 2014) Bartle, J.

## STATE LAW NEGLIGENCE/INTENTIONAL TORT CLAIMS

Plaintiffs believe that the pursuit itself creates their negligence cause of action by laying blame for the actions, speed and outcome caused by the fleeing felon upon the Officers essentially arguing for vicarious liability.  The only allegations concerning operation of a police motor vehicle that Plaintiffs can cite is to testimony of Officer Richers that as he left the McDonald's when Lynch and the fleeing suspect were well ahead of him that he did not immediately activate his siren but that he did so as he progressed up McDade Boulevard.  Indeed, you can hear his siren in the MVR.

Plaintiffs also claim that Lynch did not use his siren for the entirety of the pursuit, yet Lynch testified that he did use the siren for the entirety of the pursuit only toggling it off briefly to hear the radio.

Plaintiffs suggest that if Richers and Lynch had used their sirens for the entirety of the pursuit, Matthew would have been alerted to the pursuit before entering the intersection. However, both the Campetti and Munafo vehicles had modifications to their exhaust systems to make the cars loud and supped up and Campetti did not even hear the collision that occurred right in front of him. (Plaintiffs' Exhibit D, Deposition of Christopher Campetti, December 19, 2022, at pp. 24:15-23; 28:15-16). Similarly, Kristyanna recalls the video Angel sent her also mentioned how loud Matt's car was before the accident. (Plaintiffs' Exhibit B, Deposition of Kristyanna Dellavecchia, November 29, 2022, at p. 40:2-40:16. Kristyanna said the loud exhaust was similar in both of the cars (Munafo's and Campellti's). (Ex. B at pp. 105:20-107:7). Angel just thought it was loud like when people get their cars and mess with the mufflers, like a supped-up car. (Ex. B, p. 40:2-40:16). With the police being so far back (more than two football fields away) at the time of the collision, the fact that Campetti and Dellavacchia did not hear sirens does not provide any evidence that they were not on and all the evidence is to the contrary. State claims based on alleged willful misconduct have no factual basis in the record of this case. The Defendants briefed the state law issues in their opening Brief on summary judgment and Plaintiffs have not distinguished any of the precedent cited for the individual or municipal liability claims and all should be dismissed.

## **CONCLUSION**

For all the foregoing reasons and those cited in the Borough Defendants' Motion and Memorandum of Law in support of Summary Judgment previously filed, Defendants, Borough

9

of Collingdale and Colin Richers, request that this Court enter summary judgment in their favor and dismiss all federal and state law claims.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**HOLSTEN ASSOCIATES, P.C.** |
|  | */s/ Suzanne McDonough* |
| **Date:   11-30-23** | _____<br>**SUZANNE MCDONOUGH, ESQUIRE**<br>**Attorney for Defendants, Borough of Collingdale and Officer Colin Richers** |

## **CERTIFICATE OF SERVICE**

I, Suzanne McDonough, Esquire, counsel for Defendants, Borough of Collingdale and Colin Richers, state that a true and correct copy of the within Reply Brief to Plaintiffs' Response In Opposition to Defendants' Motion for Summary Judgment and Reply to Plaintiffs' Statement of Additional Facts in Response to Collingdale Defendants' Motion for Summary Judgment was served upon the following individual electronically this 30th day of November, 2023.

**ADAM GOMEZ, ESQ.**
**STEVEN A. MEDINA, ESQ.**
**CYNTHIA B. MORGAN, ESQ.**
**ELIZABETH A. BAILEY, ESQ.**
**IRENE LAX, ESQ.**
**GRANT & EISENHOFER PA**
123 S. JUSTISON STREET
6TH FLOOR
WILMINGTON, DE 19801
Attorneys for Plaintiffs

Robert DiDomenicis, Esq.
Holsten Associates, P.C.
115 N. Jackson Street
Media, PA 19063
Attorney for Darby Borough defendants

Respectfully submitted,
**HOLSTEN ASSOCIATES, P.C.**

*/s/ Suzanne McDonough*
_____
**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**115 N. Jackson Street**
**Media, PA  19063**
**(610) 566-7183**
**Attorney for above-named moving Defendants**
**Borough of Collingdale and Officer Colin Richers**