**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Christina Donahue, as Administratrix of the Estate of Angel McIntyre, deceased, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 22-1695 |
| | : | |
| v. | : | |
| | : | |
| Borough of Collingdale, et al. | : | |
| | : | |
| Defendants. | : | |

**PETITION TO APPROVE SETTLEMENT DISTRIBUTION OF
WRONGFUL DEATH AND SURVIVAL ACTIONS**

Petitioner Christina Donahue, as Administratrix of the Estate of Angel McIntyre, deceased, by and through undersigned counsel, hereby submits this Petition to approve settlement distribution and aver as follows:

1.     Petitioner is the parent of decedent, Angel McIntyre, and was appointed a Co-Administrator of the Estate of Angel McIntyre on November 12, 2020, by the Register of Wills of Delaware County. *See* Certificate of Grant of Letters of Administration for Estate No. 2020-1317, attached hereto as **Ex. A**.

2.     On July 16, 2020, Decedent was killed while the passenger of a vehicle that was struck at the intersection of Oak Lane and McDade Boulevard, in Collingdale, Pennsylvania by a vehicle being pursued at high speeds by police officers from the Boroughs of Collingdale and Darby. *See* Death Certificate, attached hereto as **Ex. B**.

3.     On May 3, 2022, Petitioner and her Co-Plaintiffs initiated the above captioned action, alleging 14th Amendment civil rights violations and supplemental state law claims against the Boroughs of Collingdale and Darby, as well as three now dismissed police officer defendants.

4.    The Estate's wrongful death and survival actions in the above-captioned action were settled on March 04, 2024, as part of a global resolution between Plaintiffs and the Boroughs of Collingdale and Darby, for the sum of Four Million Five Hundred Thousand Dollars ($4,500,000), seventy-five (75%) of which amount the parties allocated to the wrongful death action and twenty-five percent (25%) of which amount the parties allocated to the survival action.

5.    All Plaintiffs have consented to the Estate's allocation and executed Release Agreements with Defendants.

6.    Decedent Angel McIntyre was 18 years old and lived with Petitioner prior to her death; she was planning to begin college studies.

7.    Decedent was pronounced dead at the scene as a result of multiple blunt force injuries. There is no evidence of any pain and suffering.

8.    Decedent did not have a Will.

9.    Petitioner served a copy of this Petition on the intestate heirs of Decedent, in accordance with 20 Pa.C.S.A. § 2101, *et seq.*, who are as follows:

| Name | Relationship | Address |
|------|--------------|---------|
| Christina Donahue | Mother | 1 Stratford Road, Glen Olden, PA 19036 |
| Christopher McIntyre | Father | 315 Westeria Avenue, Reading, PA 19606 |

10.    There are no unpaid claims that have been raised and/or are outstanding in the Decedent's Estate.

11.    The following settlement was reached after an extensive mediation with Jerry P. Roscoe, Esq. of JAMS: Payment in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000) on behalf of Defendants, Borough of Collingdale and Borough of Darby.

12.     Plaintiffs' counsel is of the professional opinion that the proposed settlement is reasonable due to the following: (1) the costs and risks associated with a trial involving complex legal and factual issues; (2) the high standard of deliberate indifference required to prove the Decedent's constitutional claims; (3) the limited available funds to pay state law claims due to the presence of a statutory cap on municipal liability; (4) the absence and/or minimal pain and suffering prior to Decedent's death; and (5) the uncertainty surrounding any economic damages due to the fact that the Decedent had not yet begun college studies or secured fulltime employment. *See* Affidavit of Elizabeth A. Bailey, attached respectively as **Ex. C**.

13.     Furthermore, the Decedent's parents, Petitioner and Christopher McIntyre, are of the opinion that the proposed settlement is reasonable and have consented to distribution as set forth in this petition. *See* Affidavits of Christina Donahue and Christopher McIntyre, attached respectively as **Ex. D** and **Ex. E**.

14.     As Decedent is survived by her parents, left no Will, and the Estate owes no money to any creditors, the net recovery under the proposed settlement will be distributed entirely to Decedent's parents, Petitioner Christina Donahue and Christopher McIntyre.

15.     Petitioner respectfully requests that this Court approve the allocation of settlement proceeds with seventy-five percent (75%) allocated to the wrongful death action and twenty-five percent (25%) allocated to the survival action given (1) the immeasurable loss that Decedent's parents have suffered, (2) the emotional impact that Decedent's death has had upon their lives; (3) the difficulties to be encountered by them in living a life without their daughter; and (4) the very limited  pain and suffering Decedent experienced before her death.

16.     Taking into consideration the various elements of the wrongful death and survival act claims, Petitioner believes that the allocation of seventy-five percent (75%) of the settlement

funds to the wrongful death claim and twenty-five percent (25%) to the survival claim is appropriate and reasonable in this case.

17.     Specific to the Estate, undersigned counsel has incurred expenses for which reimbursement is sought in the amount of Ninety-One Thousand Four Hundred Eight Dollars and Forty-One Cents ($91,408.41). Settlement was reached on March 4, 2024 only after extensive depositions, the resolution of dispositive motions, and pretrial motion practice on significant evidentiary issues took place. This matter involved extensive written discovery, the retention of numerous expert witnesses, extensive depositions of parties and fact witnesses, and a significant amount of legal research on complex and novel issues of law. In total, eight attorneys from the undersigned's office assisted with this litigation, as well as three paralegals.

18.     Based on the foregoing, undersigned counsel requests fees in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000), which represents forty percent (40%) of the gross proceeds of the settlement.

19.     Counsel's requested fee is reasonable in light of the intense preparation required by this difficult case, which resulted in an exceptional outcome for Petitioner, insofar as the Court's ruling to permit Petitioner's difficult constitutional claims against the Boroughs of Collingdale and Darby to proceed to a jury trial rendered the aggregate Five Hundred Thousand Dollars ($500,000) statutory cap on municipal liability for state law negligence claims immaterial.

20.     As a result of counsel's effectiveness throughout the preparation of this case, Petitioner received a fair and adequate settlement offer for the Estate's claims.

21.     Petitioner requests allocation of the net proceeds of the settlement (after deduction of costs and attorneys' fees) to be as follows:

        a.   Wrongful death claim (75%)

4

b.  Survival claim (25%)

22.    Of the net recovery, Petitioner respectfully requests seventy-five percent (75%), or $1,967,660.53, be allocated to the Wrongful Death claim and twenty-five percent (25%), or $ 655,886.84, be allocated to the Survival Claim.

23.    The Pennsylvania Department of Revenue has approved this distribution. *See* Approval Letter attached. **Ex. F**.

24.    Pursuant to the Wrongful Death Statute (42 Pa.C.S.A. § 8301), the beneficiaries of the wrongful death and the survival claims and the proportion of their interest, are as follows:

| Name | Relationship | Percentage of Net Settlement | Amount Due |
|------|-------------|------------------------------|------------|
| Christina Donahue | Mother | 50% | $978,221.84 |
| Christopher McIntyre | Father | 50% | $978,221.84 |

25.    The remaining  $**652,147.90** shall be distributed to the Estate of Angel McIntyre pursuant to the Pennsylvania Survival Act.

26.    The is no pecuniary loss suffered by the beneficiaries.

**WHEREFORE**, Petitioner respectfully requests that the settlement recited above be approved and that the Court enter an Order of Distribution as provided within this Petition.


Dated: April 16, 2024

5

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ Elizabeth A. Bailey*
M. Elizabeth Graham, Esq.
Adam J. Gomez, Esq.
Elizabeth A. Bailey, Esq.
Steve A. Medina, Esq.
Cynthia B. Morgan, Esq.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
egraham@gelaw.com
agomez@gelaw.com
ebailey@gelaw.com
smedina@gelaw.com
cmorgan@gelaw.com

*Attorneys for Plaintiffs, Christina Donahue,*
*As Administratrix of the Estate of*
*Angel McIntyre, deceased,*
*Matthew Munafo, and*
*Kristyanna Dellavecchia*

## <u>CERTIFICATE OF SERVICE</u>

I, ELIZABETH A. BAILEY, counsel for Plaintiffs, state that a true and correct copy of the within Petition to Approve Settlement Distribution of Wrongful Death and Survival Actions was served upon all parties via ECF the __16th__ day of _April_, 2024.

*/s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY

# EXHIBIT A



**pennsylvania**
DEPARTMENT OF REVENUE
HARRISBURG PA 17128-2005

| | | |
|---|---|---|
| Date Issued | | 04/19/2024 |

GRANT & EISENHOFER P.A.
ELIZABETH A. BAILEY, ESQ.
123 S JUSTISON ST
WILMINGTON DE 19801-5134

| | |
|---|---|
| Letter ID | L0024610365 |
| Case Number | 0-007-341-801 |

**Wrongful Death Survival Action Allocation**

The Pennsylvania Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the referenced estate in regard to a Wrongful Death and Survival Action. It was forwarded for the approval of allocated proceeds paid to settle the actions.

According to the petition, the decedent died as a result of a motor vehicle accident. The decedent is survived by their parents. The decedent was 18 years old at the Date of Death.

---

**Account Information**
Estate of: MCINTYRE, ANGEL                  File Number: 2320-1317

---

**Why you are receiving this notice**
If you have any questions regarding this notice, please contact the department using the information provided.

Susan Cruz
(717) 787-8327

As the decedent was younger than 22 years old, the sole heir to the decedent's estate is their parents. Therefore, any proceeds paid to settle the Survival Action would pass to the decedent's parents and would be subject to a zero percent Inheritance Tax rate (72 P.S. §9116). Accordingly, regardless of the allocation of the subject proceeds, there would be no Inheritance Tax consequences.

---

**Departmental determination**

Please be advised that, based upon these facts and for Inheritance Tax purposes only, the department has no objection to the proposed allocation of the gross proceeds of this action:

Wrongful Death Claim: $3,375,000.00
Survival Action Claim: $1,125,000.00

Proceed of a Survival Action are an asset included in the decedent's estate and, although subject to the imposition of a zero percent Inheritance Tax rate in this instance, they must be reported on a decedent's Pennsylvania Inheritance Tax return (42 Pa.C.S.A § 8302) (72 P.S. §§ 9106, 9107). Costs and fees must be deducted in the same percentages as the proceeds are allocated (Estate of Merryman).

---

**References**

In re Estate of Merryman, 669 A.2d 1059 (Pa. Cmwlth. Ct. 1995)

# EXHIBIT B

H105.805 REV (7/18)

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH
### WARNING: It is illegal to duplicate this copy by photostat or photograph.

Fee for this certificate: $20.00



This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

**P  27562801**
Certification Number

*Maria DeFeo*
Local Registrar

AUG/**12**/2020
Date Issued

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS

## CERTIFICATE OF DEATH

Type/Print In Permanent Black Ink

State File Number **372693-2020**

| | | |
|---|---|---|
| 1. Decedent's Legal Name (First, Middle, Last, Suffix)<br>Angel Christine McIntyre | 2. Sex<br>Female | 3. Social Security Number | 4. Date of Death (Month dd, yyyy)<br>July 16, 2020 |

5a. Age-Last Birthday (Yrs): **18** — 5b. Under 1 Year (Months/Days) — 5c. Under 1 Day (Hours/Minutes)

6. Date of Birth (Mo/Day/Year) (Spell Month): November 26, 2001

7. Birthplace (City and State or Foreign Country): Philadelphia, Pennsylvania

8a. Residence (State or Foreign Country): Pennsylvania
8b. Residence (Street and Number - Include an Apt No.): 2607 Edgemont Avenue C
8c. Did Decedent Live in a Township? ☐ Yes, decedent lived in _____ twp.
8d. Residence (County): Delaware
8e. Residence (Zip Code): 19015
8f. Birthplace (City and State or Foreign Country): Philadelphia
8c (right). ☒ No, decedent lived within limits of Parkside, city/boro.

9. Ever in US Armed Forces? ☐ Yes ☒ Unknown ☐ No
10. Marital Status at Time of Death ☐ Married ☐ Divorced ☒ Never Married ☐ Widowed ☐ Unknown
11. Surviving Spouse's Name (If Wife, give name prior to first marriage)

12. Father / Parent's Name (First, Middle, Last, Suffix): Christopher McIntyre
13. Mother / Parent's Name Prior to First Marriage (First, Middle, Last, Suffix): Christina Donahue

14a. Informant's Name: Christina Donahue
14b. Relationship to Decedent: Mother
14c. Informant's Mailing Address (Street and Number, City, State, Zip Code): 2607 Edgemont Avenue Parkside, PA 19015

15a. Place of Death (Check only one):
If Death Occurred in a Hospital: ☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival
If Death Occurred Somewhere Other Than a Hospital: ☐ Hospice Facility ☐ Nursing Home/Long-Term Care Facility ☒ Other (Specify) Oak Lane and MacDade Blvd ☐ Decedent's Home
15b. Facility Name (If not institution, give street and number): Oak Lane and MacDade Boulevard
15c. City or Town, State, and Zip Code: Collingdale, Pennsylvania 19023
15d. County of Death: Delaware

16a. Method of Disposition: ☐ Burial ☒ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify)
16b. Date of Disposition: July 22, 2020
16c. Place of Disposition (Name of cemetery, crematory, or other place): Danjolell Crematory
16d. Location of Disposition (City or Town, State, and Zip): Frazer, Pennsylvania

17a. Name and Complete Address of Funeral Service Licensee or Person in Charge of Interment: *James M Stigale (Electronically Signed)*
17b. License Number: FD013215L

17c. Name and Complete Address of Funeral Facility: D'Anjolell Stigale Memorial Home & Cremation Services, Inc of Aston
3260 Concord Road Aston, Pennsylvania 19014

18. Education - Check the box that best describes the highest degree or level of school completed at the time of death.
☐ 8th grade or less
☐ No diploma, 9th - 12th grade
☒ High school graduate or GED completed
☐ Some college credit, but no degree
☐ Associate degree (e.g. AA, AS)
☐ Bachelor's degree (e.g. BA, AB, BS)
☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD)

19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino.
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino (Specify)

20. Decedent's Race - CHECK ONE OR MORE races to indicate what the decedent considered himself or herself to be.
☒ White
☐ Black or African American
☐ American Indian or Alaska Native
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander
☐ Other (Specify)

21. Decedent's Single Race Self-Designation - Check ONLY ONE to indicate what the decedent considered himself or herself to be.
☒ White
☐ Black or African American
☐ American Indian or Alaska Native
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander
☐ Don't Know/Not Sure
☐ Refused
☐ Other (Specify)

22a. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED.
Server
22b. Kind of Business/Industry
Food

ITEMS 23A - 24 MUST BE COMPLETED BY PERSON WHO PRONOUNCES OR CERTIFIES DEATH
23a. Date Pronounced Dead (Mo/Day/Yr)
23b. Signature of Person Pronouncing Death (Only when applicable)
23c. License Number
24. Time of Death: 01:07
25. Was Medical Examiner or Coroner Contacted? ☒ Yes ☐ No

## CAUSE OF DEATH

26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary

IMMEDIATE CAUSE (Final disease or condition resulting in death)
a. Multiple blunt force injuries
Due to (or as a consequence of):

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.
b. ___ Due to (or as a consequence of):
c. ___ Due to (or as a consequence of):
d. ___ Due to (or as a consequence of):

Approximate Interval: Onset to Death

26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I

27. Was autopsy performed? ☒ Yes ☐ No
28. Were autopsy findings available to complete the cause of death? ☒ Yes ☐ No

29. If Female:
☒ Not pregnant within past year
☐ Pregnant at time of death
☐ Not pregnant, but pregnant within 42 days of death
☐ Not pregnant, but pregnant 43 days to 1 year before death
☐ Unknown if pregnant within the past year

30. Did Tobacco Use Contribute to Death?
☐ Yes ☐ Probably
☒ No ☐ Unknown

31. Manner of Death
☐ Natural ☒ Homicide
☐ Accident ☐ Pending Investigation
☐ Suicide ☐ Could not be determined

32. Date of Injury (Mo/Day/Yr) (Spell Month): July 16, 2020
33. Time of Injury: 01:04
34. Place of Injury (e.g. home; construction site; farm; school): Street/Highway
35. Location of Injury (Street and Number, City, State, Zip Code): Intersection of Oak Avenue and MacDade Boulevard Collingdale, PA 19023
36. Injury at Work ☐ Yes ☒ No
37. If Transportation Injury, Specify: ☐ Driver/Operator ☒ Passenger ☐ Pedestrian ☐ Other (Specify)
38. Describe How Injury Occurred: Occupant of motor vehicle struck by another

39a. Certifier - physician, certified registered nurse practitioner, physician assistant, medical examiner/coroner (Check only one):
☐ Certifying only - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Pronouncing & Certifying - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated.
☒ Medical Examiner/Coroner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

Signature of certifier: *Fredric N Hellman (Signature on File)*
Title of certifier: ME/Coroner
License Number: MD037971E

39b. Name and Zip Code of Person Completing Cause of Death (Item 26): Fredric Hellman
Box 496, Fair Acres Lima, Pennsylvania 19037
39c. Date Signed (Mo/Day/Yr): July 16, 2020

40. Registrar's District Number: 23-233
41. Registrar's Signature: *Maria DeFeo (Signature on File)*
42. Registrar's File Date (Mo/Day/Yr): July 24, 2020

43. Amendments:
Family Members-Father's First Name- amended on Jul-29-2020; formerly Christina.; Family Members-Father's Last Name- amended on Jul-29-2020; formerly Donahue.; Family Members-Mother's First Name- amended on Jul-29-2020; formerly Christopher.; Family Members-Mother's Maiden Last Name- amended on Jul-29-2020; formerly McIntyre;;

Disposition Permit No. E247496

H105-143
REV 11/2017-E

*(Left margin, vertical text):* TO BE COMPLETED/VERIFIED BY FUNERAL DIRECTOR — TO BE COMPLETED BY MEDICAL CERTIFIER — ALIAS USED — NAME OF DECEDENT Angel Christine McIntyre

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Christina Donahue, as Administratrix of the | : | |
| Estate of Angel McIntyre, deceased, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 22-1695 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Borough of Collingdale, et al. | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF ELIZABETH A. BAILEY, ESQUIRE

I, Elizabeth A. Bailey, Esquire, being duly sworn according to law, hereby depose and state the following:

1.    I am counsel for Plaintiff-Petitioner, Christina Donahue, as Administratrix of the Estate of Angel McIntyre, deceased.

2.    The Plaintiff's claims against Defendants were successfully mediated, negotiated and settled in the amount of $4,500,000.00.

3.    It is my professional opinion that the proposed monetary settlement with these defendants for $4,500,000 is reasonable and appropriate.

4.    The facts set forth in the Petition to Approve Settlement and Distribution are true and correct to the best of my knowledge, information and belief.

Dated: April 16, 2024

_Elizabeth A. Bailey_
_____
ELIZABETH A. BAILEY, ESQ.
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
302-622-7086

_Counsel for Plaintiff-Petitioner_

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Christina Donahue, as Administratrix of the | : | |
| Estate of Angel McIntyre, deceased, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 22-1695 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Borough of Collingdale, et al. | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT AND VERIFICATION OF CHRISTINA DONAHUE,
INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE
<u>ESTATE OF ANGEL MCINTYRE, DECEASED</u>**

I, Christina Donahue, being duly sworn according to law, hereby depose and state the following:

1.      I am the mother of Angel McIntyre, deceased, the Co-Administrator of Angel's Estate, and Plaintiff-Petitioner in the above-captioned action.

2.      Angel's father, Christopher McIntyre, is a Co-Administrator of Angel's Estate.

3.      I retained the law firm of Grant & Eisenhofer P.A., and their associated attorneys, to litigate the interests of the Estate of Angel McIntyre, deceased, and the interests of Angel's beneficiaries, which consist solely of Christopher McIntyre and myself, through the initiation of Wrongful Death and Survival Claims in the above-captioned action.

4.      I believe that the proposed settlement of the Wrongful Death and Survival Claims with Defendants is fair and reasonable.

5.      I have read the Petition to Approve Settlement and Distribution and believe that the facts contained therein are true and correct to the best of my knowledge, information and belief.

6.      I approve of the proposed Order of Distribution as set forth in the foregoing Petition and proposed Order.

7.      All statements made in this affidavit and verification are made subject to the provisions and penalties of 18 Pa. C.S.A. 4904 related to unsworn falsifications to authorities.

Dated: April 16, 2024

DocuSigned by:

*Christina Donahue*

CHRISTINA DONAHUE
*Plaintiff-Petitioner, individually and as Co-Administrator of the Estate of Angel McIntyre, deceased*

## ACKNOWLEDGMENT

**State of Delaware:**

**County of New Castle:**

Before me, *Christina Donahue*, on the date, April 16, 2024, proved to me by photo identification to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes therein expressed.

Given under my hand and seal of office this *16TH* day of April 2024.

_____
Notary Public

My commission expires: *10/13/2024*

Commonwealth of Pennsylvania - Notary Seal
LAURA LYNN ZAFFIRI - Notary Public
Delaware County
My Commission Expires October 13, 2024
Commission Number 1300793

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Christina Donahue, as Administratrix of the | : | |
| Estate of Angel McIntyre, deceased, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 22-1695 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Borough of Collingdale, et al. | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF CHRISTOPHER MCINTYRE, INDIVIDUALLY AND AS CO-
ADMINISTRATOR OF THE ESTATE OF ANGEL MCINTYRE, DECEASED**

I, Christopher McIntyre, being duly sworn according to law, hereby depose and state the
following:

1.    I am the father of Angel McIntyre, deceased and the Co-Administrator of Angel's
Estate.

2.    Angel's mother, Christina Donahue, is a Co-Administrator of Angel's Estate and a
Plaintiff-Petitioner in the above-captioned action.

3.    I understand that Christina Donahue retained the law firm of Grant & Eisenhofer
P.A., and their associated attorneys, to litigate the interests of the Estate of Angel McIntyre,
deceased, and the interests of Angel's beneficiaries, which consist solely of Christina Donahue and
myself, through the initiation of Wrongful Death and Survival Claims in the above-captioned
action.

4.    I believe that the proposed settlement of the Wrongful Death and Survival Claims
with Defendants is fair and reasonable.

5.      I have read the Petition to Approve Settlement and Distribution and believe that the facts contained therein are true and correct to the best of my knowledge, information and belief.

6.      I approve of the proposed Order of Distribution as set forth in the foregoing Petition and proposed Order.

7.      All statements made in this affidavit are made subject to the provisions and penalties of 18 Pa. C.S.A. 4904 related to unsworn falsifications to authorities.

Dated: April 16, 2024

_____
CHRISTOPHER MCINTYRE
*Individually and as Co-Administrator of the*
*Estate of Angel McIntyre, deceased*

# ACKNOWLEDGMENT

**State of Delaware:**

**County of New Castle:**

Before me, *Christopher McIntyre*, on the date, April 16, 2024, proved to me by photo identification to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes therein expressed.

Given under my hand and seal of office this *16TH* day of April 2024.

_____
Notary Public

My commission expires: *10/13/2024*

Commonwealth of Pennsylvania - Notary Seal
LAURA LYNN ZAFFIRI - Notary Public
Delaware County
My Commission Expires October 13, 2024
Commission Number 1300793